FILED
CLERK

January 31, 2023

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
YOSSI JOSEPH OREN,

                           Plaintiff,

            -against-

THE FRANKLIN SQUARE PUBLIC LIBRARY,
AVIVA KANE, BILL YOUNGFERT, CARL
GERATTO, KATE (CATHERINE) TARACSIO,
JULIE SOFFIENTINI, and REINETTE KRAJCI,

                        Defendants.
------------------------------------------------------------X

**REPORT AND
RECOMMENDATION**
20-CV-0425 (GRB) (JMW)

**A P P E A R A N C E S:**

Yossi Joseph Oren
459 Dunster Ct.
West Hempstead, NY 11552
*Pro Se Plaintiff*

Adam Christopher Ferrandino, Esq.
Feldman Kieffer, LLP
1000 Rand Building
14 Lafayette Square, 14203
Buffalo, NY 14202
*Attorney for Defendants*

**WICKS,** Magistrate Judge:

       Plaintiff Yossi Joseph Oren -- proceeding *pro se* -- brings this action against Aviva Kane,

William Youngfert, Carl Gerrato,[1] Katherine Taracsio, Julie Soffientini, Peter Fishbein,[2] and

Reinette Krajci ("Individual Defendants"), and the Franklin Square Public Library (the "Library"

and together with the Individual Defendants, the "Defendants").  Plaintiff alleges, *inter alia*,

---

[1] Incorrectly named in the Amended Complaint as Carl "Geratto." (DE 31; DE 37-14 at 6.)

[2] This action was discontinued with prejudice and on the merits, against Peter Fishbein after he passed
away.  (*See* DE 47.)

violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), and the Age Discrimination in Employment Act ("ADEA").  (*See* DE 31.)  Before the Court is Defendants' partial motion to dismiss pursuant to Fed R. Civ. P. 12(b)(5) for insufficient service of process as to the Individual Defendants, and failure to state a claim as to the federal claims against Individual Defendants.  (DE 37.)  For the reasons stated herein, the undersigned respectfully recommends that Defendants' motion be denied in part and granted in part.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

### A.  Factual Background

The Court assumes familiarity with the factual and procedural background of this case and discusses it to the extent relevant to the instant motion.  The allegations that follow are taken from Plaintiff's Amended Complaint filed on December 29, 2021.  (DE 31.)  The Individual Defendants are all members of the Board of Trustees of the Library, except Aviva Kane who was formerly the Assistant Director, and now the Director, of the Library.  (DE 31 at 7.)  As of June 2015, Plaintiff was employed by the Library as an at-will employee working as a cleaner in the maintenance department.  (DE 31 at 16, 26.)

Plaintiff alleges that between July 2016 to September 2019, he was subject to unlawful discrimination on the basis of his national origin (Israeli), age (mid to late 50's), disability or perceived disability (work stress related gout), and religion (Jewish).  (DE 31.)  Plaintiff alleges, *inter alia*, that Kane, his supervisor, made negative comments about his accent, took down Hannukah decorations he put up, failed to promote/hire him to full time because of his age, harassed him and retaliated against him when he complained to the Library Board, failed to accommodate his disability by refusing to make accommodations for his gout related issues, and

then fired him.  (DE 27-32.)  Plaintiff alleges the Individual Defendants were aware of most of this and conspired together to make sure he never got a full-time position.  (DE 31 at 9.)

Plaintiff filed a charged with the Equal Employment Opportunity Commission on October 2019, and was issued a Notice of Right to Sue letter on November 20, 2019.  (DE 31 at 5.)  Plaintiff seeks a variety of relief, including reinstatement with full back pay and interest, promotion to a full-time custodial position, monetary damages for pain, suffering, humiliation, embarrassment and hardship, immediate resignation of Individual Defendants and more.  (DE 31 at 5.)

**B.  Procedural Background**

On January 30, 2020, Plaintiff filed a Complaint against the Library, Aviva Kane, William Youngfert, Carl Gerrato, Katherine Taracsio, Julie Soffientini, and Peter Fishbein alleging a variety of federal claims.  (DE 1.)  On September 8, 2020, Judge Steven M. Gold granted Plaintiff's request to proceed *in forma pauperis* under 28 U.S.C. § 1915.  (DE 7.)  The Court directed the Clerk of the Court to prepare a summons for the Library.  (*Id*.)  Since the United States Marshals ("Marshals Service") service of process was suspended during the coronavirus pandemic, the Court directed that once the service was reinstated, the Complaint and the Order were to be served upon the Library.  (*Id*.)  Footnote one of Judge Gold's Order states that: "No summonses shall be issued against the other defendants, as they are subject to dismissal . . . Title VII does not impose individual liability on individual employees of the employer."  (*Id*. (citing S*assaman v. Gamache*, 566 F.3d 307, 315 (2d Cir. 2009)).  This case was subsequently re-assigned to the Hon. Gary R. Brown and the undersigned.

On March 16, 2021, a Summons was issued to the Library and was returned executed by the Marshals Service on behalf of Plaintiff on July 16, 2021, reflecting that the Library had been served.  (DE 9.)  On July 20, 2021, Defendants moved for an extension of time to file an answer

or otherwise respond to the complaint and requested a pre-motion conference stating that they intended to file a motion to dismiss pursuant to Rule 12(b)(6) because Plaintiff's Complaint fails to state a claim upon which relief can be granted as to the Individual Defendants.  (DE 11.)  Judge Brown referred the request and the anticipated motion to the undersigned for Report and Recommendation.  (Electronic Order dated July 21, 2021.)

A pre-motion conference was held on August 26, 2021, on Defendants' anticipated motion to dismiss as to the Individual Defendants.  (DE 13.)  The Court granted Defendants an extension of time to file an answer or otherwise respond to the Complaint by September 23, 2021 and also set an initial conference date.  (*Id*.)  Following discussion with the parties, the Court directed Plaintiff "to file a letter with the Court on or before September 3, 2021, advising whether he would stipulate to remove the individual defendants or insist that the defendant's motion be filed."  (*Id*.)

The Court set a briefing schedule in the event Plaintiff insisted that the motion be made. (*Id*.)  The Court also allowed the parties to move by letter motion.  (*Id*.)  Plaintiff so insisted (DE 16), and Defendants filed a letter motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), (DE 17), which was referred to the undersigned by Judge Brown.  (Electronic Order Sept. 22, 2021.)  An initial conference was held on October 6, 2021, and a scheduling order was set (DE 19) with discovery deadlines subsequently stayed pending resolution of the instant motion.  (DE 29).

On November 8, 2021, Plaintiff filed a motion to amend his opposition to the partial motion to dismiss to add arguments based on New York State law claims.  (DE 24.)  At the November 29, 2021, status conference, Plaintiff advised that he intended to file a motion for leave to amend his Complaint.  Counsel for Defendants advised he would confer with his clients

4

as to whether they would stipulate to the amendment and to withdrawing the pending motion. (DE 26.)  At the December 27, 2021, status conference, Defendants advised that they agree to stipulate to allow Plaintiff to amend his Complaint, and to withdraw their motions without prejudice to leave to renew after the amendment was filed.  (DE 29.)  The Court directed Plaintiff to file his Amended Complaint by December 29, 2021, and Defendants to serve their anticipated motion to dismiss on Plaintiff on or before February 11, 2022.  (DE 29.)

On December 29, 2021, Plaintiff filed his Amended Complaint, which added claims under 42 U.S.C. § 1981 and New York Executive Law § 290, *et seq*, and named Reinette Krajci as an additional defendant.  (DE 31.)  On February 11, 2022, Defendants filed a letter notifying the Court that they had served their motion to dismiss on Plaintiff.  (DE 32.)  On February 22, 2022, Plaintiff's letter to Judge Brown and the undersigned, dated February 16, 2022, was docketed.  (DE 33.)  Plaintiff's letter explained that, upon being served with the motion to dismiss, he became aware that Individual Defendants had not been served with the original complaint even though he had been under the impression that service was complete and nothing more was required of him.  (DE 33.)

On March 7, 2022, the undersigned posted the following Order:

*Pro se* Plaintiffs application to proceed *in forma pauperis* under 28 U.S.C. § 1915 was granted on 9/8/2020 (DE 7). At that time, the Honorable Steven M. Gold directed that no summonses shall be issued upon the individually named Defendants, finding they were subject to dismissal. (Id. at n.1.) Thereafter, Plaintiff filed an Amended Complaint (DE 31), alleging additional causes of action against the individually named Defendants. Accordingly, the Court ORDERS service of the Summonses and Amended Complaint upon all of the Defendants named in the Amended Complaint, by the United States Marshal Service for the Eastern District of New York. IT IS FURTHER ORDERED that the Clerk of the Court must forward to the United States Marshal Service for the Eastern District of New York copies of Plaintiffs summonses, Amended Complaint [DE 31] and this Order for service upon Defendants without prepayment of fees. The Clerks Office is respectfully directed to serve a copy of this Order upon the *pro se* Plaintiff.

(Electronic Order dated March 7, 2022.)

On March 9, 2022, Defendants asked the Court to hold service in abeyance as to

Peter Fishbein who had passed away, and the parties subsequently stipulated to

discontinue this action against Fishbein.  (DE 47.)  Summonses were issued accordingly

to the Library and the Individual Defendants, which were returned executed by the

Marshals Service on May 2, 2022.  (DE 35, 46.)  On March 25, 2022, Defendants filed

their partial motion to dismiss pursuant to Fed R. Civ. P. 12(b)(5) for insufficient service

of process as to the Individual Defendants, and failure to state a claim as to the federal

claims against Individual Defendants.  This motion was fully briefed on May 4, 2022.

(DE 49.)  The motion is on referral to the undersigned for Report and Recommendation.

(DE 37; Electronic Order dated March 25, 2022.)

## II.    DISCUSSION

### A.  Insufficient Service of Process

Service of process of an individual within a judicial district of the United States is made

pursuant to Rule 4(e), which provides:

> (e) Unless federal law provides otherwise, an individual—other than a minor, an
> incompetent person, or a person whose waiver has been filed—may be served
> in a judicial district of the United States by:
>
>  (1) following state law for serving a summons in an action brought in courts of general
>    jurisdiction in the state where the district court is located or where service is made;
>    or
>
>  (2) doing any of the following:
>
>      (A) delivering a copy of the summons and of the complaint to the individual
>        personally;
>
>      (B) leaving a copy of each at the individual's dwelling or usual place of
>        abode with someone of suitable age and discretion who resides there;
>        or

6

           (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Rule 4(m) requires service to be completed within 90 days after the complaint is filed unless good cause for the failure to serve within that time frame is shown. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court on motion or on its own after notice to the plaintiff must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."). Defendants contend that since Individual Defendants were not served within 90 days of filing of the complaint, dismissal is warranted pursuant to Rule 4(m).

"[W]hen a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." *Dickerson v. Napolitano*, 604 F.3d 732, 740 (2d Cir. 2010) (internal quotation marks omitted). In considering a challenge to the sufficiency of service of process, the Court "must look to matters outside the complaint to determine whether it has jurisdiction." *Mende v. Milestone Tech., Inc.*, 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003).

Defendants aver that Plaintiff failed to, and made no attempt to, properly serve the Individual Defendants. (DE 37-14.) Defendants state that only the Library was served on March 3, 2021. And although Plaintiff's complaint reflects that he was not aware of Individual Defendants' home addresses, the Library was for some and is for others, their actual place of business, yet Plaintiff made no attempt to serve Individual Defendants there. (DE 37-14.)

Defendants also assert that they timely challenge personal jurisdiction based on insufficient service of process as they have filed no responsive pleadings, have participated in no depositions, and discovery has been held in abeyance. (*Id.*) Defendants point out that they

reserved any and all rights to move to dismiss Plaintiff's Amended Complaint and the Court recognized that withdrawal of their Letter motion was without prejudice. (DE 37-14 at 8.)

Plaintiff correctly argues, as Defendants recognize, that a *pro se* Plaintiff proceeding *in forma pauperis* is "entitled to rely on the United States Marshals to help effect service of process." *Cherry v. New York City Hous. Auth.*, No. 15-CV-6949 (MKB), 2017 WL 4357344, at *11 (E.D.N.Y. Sept. 29, 2017). Plaintiff states that his understanding is that Judge Gold only temporarily suspended service due to the pandemic, and it was to be resumed thereafter. And he was never made aware that Individual Defendants were not served until being handed Defendants' motion to dismiss. (DE 37-16 at 2.) Plaintiff states that after speaking with a court clerk, he was informed that for some reasons she failed to see the attachment with the names of the Individual Defendants, and thus instructed the Marshal to serve only the Library. (*Id*.)

Plaintiff alleges he was never aware of a "docket issued by a judge" to suspend service specifically against Individual Defendants for any other reason. (*Id*.) Plaintiff notes that he was routinely in contact with the Court to see if there was anything of concern or that needed his immediate attention and was repeatedly told nothing was needed of him. (DE 43 at 2.) Plaintiff alleges that in the past two years, no one ever mentioned there was an issue with service as to the Individual Defendants, and Defendants' assertion at this juncture seems to suggest they themselves were unaware, which is bolstered by the fact that Judge Gold's Order is only ever brought up in Defendants' reply in rebuttal to Plaintiff's opposition. (*Id.* at 3.) Plaintiff notes that as soon as this issue was raised, Plaintiff immediately notified the Court to address it by contacting the court clerk by phone and writing an urgent letter to both Judge Brown and the undersigned. (*Id*.)

8

Defendants maintain that Plaintiff knew or should have known Individual Defendants were not being served because of Judge Gold's order, which stated that only the Library would be served since Individual Defendants were subject to dismissal.  (DE 17 at 4.)  And that the process receipt (DE 9) only identified the Library as the Defendant that was served.  (DE 17 at 4.)  Defendants state that failure of the Court or the Marshals Service constitutes good cause under Rule 4(m) to excuse failure to serve within 90 days if the Plaintiff provided the necessary information to identify the defendant.  (*Id*. at 5.)  But here, they argue that no good cause exists because the Marshals Service did not fail to effectuate service.  (*Id*. at 5.)  Rather, they only followed Judge Gold's directive.  (*Id*.)  Defendants instead place the blame squarely on Plaintiff's shoulders.  Defendants argue Plaintiff failed to make diligent efforts to ensure service, which they define in part as Plaintiff's failure to "question Judge Gold's decision," or the "Marshals Service."  (*Id*.)  This failure they contend, renders good cause absent.

Defendants state that in the absence of good cause, Plaintiff must "advance some colorable excuse for neglect," including a showing that Plaintiff made some effort to serve Individual Defendants or request an extension within the 90 days.  (*Id*. at 6 (citing *R&J Entm't v. Marc Anthony Prods.* No. 16-cv-3830 (DLC), 2016 U.S. Dist. LEXIS 124001, *2 (S.D.N.Y. Sept. 13, 2016)).  Defendants note that service of the Amended Complaint (filed December 29, 2021) was only recently executed.  On March 7, 2022, in response to Plaintiff's February 16, 2022 letter, the undersigned directed service of the Amended Complaint by the Marshals Service upon the Individual Defendants.  (DE 33.)  And the Individual Defendants were served.  (*See* DE 46 (executed summonses).)  Defendants argue that to allow claims to be asserted through the Amended Complaint against Defendants, after two years since the case was filed, would be

prejudicial to Defendants given the requirements of due process and the Federal Rules of Civil Procedure.  (*Id.* at 8.)

"The Second Circuit has held that when district courts decide whether to dismiss a complaint for failure of proper service, '*pro se* plaintiffs should be granted special leniency.'" *Cherry v. New York City Hous. Auth.*, No. 15-CV-6949 (MKB), 2017 WL 4357344, at *12 (E.D.N.Y. Sept. 29, 2017).  (citing *Thrall v. Cent. N.Y. Reg'l Trans. Auth.*, 399 F. App'x. 663, 666 (2d Cir. 2010)).  When a *pro se* Plaintiff is "proceeding *in forma pauperis* [they] are entitled to rely on the United States Marshals to help effect service of process." *Id.* at *12.  That reliance is not absolute, and Plaintiff is indeed obligated to make diligent efforts, like advise the court, if it appears service will not be effected within the applicable time period. *Id.*  But "[w]here *pro se* plaintiffs reasonably rely on various arms of the Court during the service process but those actors fail to carry out their duties, courts have found 'good cause' for service failures." *Jones v. Westchester Cnty*, 182 F. Supp. 3d 134, 144 (S.D.N.Y. 2016) (collecting cases).

The record supports a finding that Plaintiff reasonably relied on the Court and Marshals Service to handle service and his alleged failure to challenge the Court and the Marshals Service or raise the issue of service thereafter was inadvertent.  Judge Gold's direction that service not be made as to the Individual Defendants because the claims in the original complaint were subject to dismissal, is located in a footnote.  (*See* DE 7 at n.1.)  Plaintiff's assertion that he was unaware of this direction is supported by his representations to the Court in prior hearings.  In the August 26, 2021 hearing, Plaintiff, in response to a comment that he had not served Defendants until July, stated "the serving was at the hands of the Court at that time and I just waited patiently . . . ."  Aug. 26, 2021 Mot. Hr'g Recording at 14:00-14:30.  Counsel for Defendants also represented that he was appearing "on behalf of *all* the Defendants," and further stated that "*we* were not

served until" July of 2021.  Aug. 26, 2021 Mot. Hr'g Recording at 00:17-00:30, 13:47-14:00 (emphasis added).  No mention was made of insufficient service as to Individual Defendants.

Further, as Plaintiff notes, the issue of service generally was raised for the first time in connection with the instant motion, and Judge Gold's footnote is referenced for the first time by Defendants in their reply memorandum.  (DE 37.)  Defendants' February 11, 2022, letter (DE 32) reflects Plaintiff had been served with this motion, and Plaintiff moved promptly, by letter dated February 16, 2022, to inform the Court he was unaware of this issue and his correspondence with the Court led him to believe no more was needed of him.  (DE 33).  The record also reflects that Plaintiff has diligently pursued his case and followed up with the Court to ensure he has done what is needed of him.

In *Cherry*, the Court directed on December 11, 2015, service by the Marshals as to the New York City Housing Authority ("NYCHA") but not the individual defendants.  *Cherry*, 2017 WL 4357344, at *13.  There, the Plaintiff had relied on the Marshals Service to serve the individual defendants and only raised the lack of service with the Court months later on May 4, 2016.  *Id.*  The Court found good cause for the service failure.  *Id.*  Here, Plaintiff also relied on the Marshals Service for service.  It appears that Plaintiff missed the footnote that directed service would be withheld.  That misunderstanding was understandably deepened by the fact he was assured nothing more was needed of him and that no mention of inadequate service was made until now. Plaintiff also diligently raised this issue with the Court once aware of it.  The Court finds that Plaintiff's failure to effect service earlier was inadvertent and good cause exists under the circumstances.

Even absent good cause, Rule 4(m) also empowers the Court to provide a discretionary exception and the factors to be considered for such discretion include:

> (1) whether any applicable statutes of limitations would bar the action once refiled; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by extending the plaintiff's time for service.

*Cherry*, 2017 WL 4357344, at *12.

First, Defendants do not point to any applicable statute of limitations that would bar this action once refiled. Second, in *Cherry* the Court found that there was "little, if any, prejudice" because the NYCHA had already been served and was defending the litigation on behalf of itself and its employees. *Id.* at *13. Here, the Library had already been served. The fourth factor favors Plaintiff as well. Counsel for Defendants represented that he was appearing on behalf of all the Defendants, and has moved to dismiss on Individual Defendants behalf. *See Jones*, 182 F. Supp. 3d at 144-145 ("And while there is no competent evidence to support a conclusion that [individual defendants] had *actual* notice of the claims against them, defense counsel . . . has engaged in motion practice on their behalf." (internal quotations and citation omitted)). Though the third factor is not in Plaintiff's favor because the record does not reflect that Defendants purposefully misled Plaintiff, on balance, the factors weigh in Plaintiff's favor. *Id.* ("[F]actors two and four, coupled with Plaintiff's *pro se* status, weigh strongly in favor of an extension.").

Moreover, as Defendants acknowledge, a challenge to personal jurisdiction is waivable. (DE 37-14 at 8-9.) Indeed, "[u]ndue delay in challenging personal jurisdiction by a motion to dismiss may constitute a waiver." *White v. Huntington*, No. 14-CV-7370 (ST), 2021 WL 826221, at *5 (E.D.N.Y. Mar. 4, 2021). In *White*, though defendants preserved their defense in their answer to the amended complaint, they waived it by failing to "seasonably assert it." *Id.* There, the defendants waited two and a half years and after depositions to raise their defense. *Id.*

Defendants distinguish *White* on the basis that no depositions have been conducted and no answer has been filed. (DE 37-14 at 8-9.) Defendants note that they did however reserve any and all rights to move to dismiss Plaintiff's Amended Complaint and that the Court recognized that withdrawal of their Letter motion was without prejudice. (DE 37-14 at 8.) But, a review of Defendants' Letter motion and prior related filings show they only moved pursuant to Rule 12(b)(6) for failure to state a claim, there is no jurisdictional defense raised or reference to insufficient service of process. (*See* DE 17.)

Even if a jurisdictional defense was preserved, it was waived. *See White*, 2021 WL 826221, at *5 ("While Individual Defendants technically preserved the defense by raising it in their Motion to Vacate and Answer to Plaintiff's Amended Complaint, they waived that defense by failing to seasonably assert it."). Defendants, if attempting to argue that *pro se* Plaintiff proceeding *in forma pauperis*, was aware of, or should have been aware of, the service issues due to Judge Gold's September 8, 2020, Order, they tacitly concede their own awareness. Here, after two years have passed, as Defendants themselves emphasize, Defendants finally decided to assert this jurisdictional defense. Though depositions have not been conducted, Defendants silently attended multiple court conferences, and the Court entered a scheduling order at the October 2021 initial conference (DE 19), which was only later held in abeyance on December 21, 2021. (DE 29.) *See Datskow v. Teledyne, Inc., Cont'l Prod. Div.*, 899 F.2d 1298, 1303 (2d Cir. 1990) ("Nevertheless, under all the circumstances, we conclude that defendant's conduct bars it from complaining about the defective form of service. Defendant attended the conference with the magistrate and participated in scheduling discovery and motion practice. Nothing was said about defective service of process.").

On these facts, the undersigned finds good cause, and regardless, that the exercise of discretion to excuse Plaintiff's failure to timely serve is warranted. Moreover, Defendants have waived their service argument. Since Individual Defendants have already been served the Amended Complaint by the Marshals Service (*see* DE 46), no further service is required. The undersigned respectfully recommends the Rule 12(b)(5) branch of Defendants' motion to dismiss be denied.

**B.  Scope of Leave to Amend**

Rule 15(a) permits a party to amend their pleading once as a matter of right within the earlier of 21 days after service of the pleading, 21 days after service of a responsive pleading if applicable, or 21 days after a Rule 12(b), (e), or (f) motion. *See* Fed R. Civ. P. 15(a)(1). A party may also receive leave to amend with the opposing party's written consent, or with the court's leave. *See* Fed R. Civ. P. 15(a)(2). Defendants submit that Plaintiff exceeded his leave to amend by adding an additional federal claim pursuant to Section 1981 and adding Defendant Reinette Krajci. (DE 37-14 at 10-11, 14.)

On the other hand, Plaintiff submits that he was granted leave to amend without any specific stipulations against joining an additional defendant since none of the Court's orders expressly limit leave to amend to only adding the New York State law claims. (DE 37-16 at 2-3.) Defendants point out that Plaintiff's motion to amend his opposition to the partial motion to dismiss to add arguments was based solely on the desire to add New York State law claims. (DE 37-17 at 9-10.) Defendants argue they opposed the addition of such claims and at the status conference held on November 29, 2021, Plaintiff advised of his intention to add only these claims. (DE 37-17 at 9-10.) Later, after conferring with Defendants, Counsel for Defendants

agreed to stipulate to Plaintiff filing the Amended Complaint.  Therefore, Defendants submit that the instant additions were neither contemplated nor consented to.  (DE 37- 17 at 9-10.)

The Court agrees that a fair reading of the record reflects that the addition of another defendant and a federal claim was never raised, contemplated, or consented to.  (*See e.g.*, DE 24.)  Thus, despite Plaintiff's apparent misunderstanding as to the scope of the leave to amend, Defendants did not consent to the addition of Plaintiff's Section 1981 claim or Defendant Krajci.

Plaintiff, in the alternative, asks the Court for leave to amend to permit these additions. (DE 37-16 at 2.)  Plaintiff states that he only uncovered Krajci's (a member of the Library's Board of Trustees) instrumental role in implementing decisions against him during his research related to amending his complaint.  (DE 37-16 at 2.)  Since Krajci did not make these decisions "in person," he was not aware of her role earlier.  (DE 37-16 at 2.)

Rule 15 instructs that "[t]he court should freely give leave when justice so requires."  *See* Fed R. Civ. P. 15(a)(2).  "This permissive standard is consistent with [the] strong preference for resolving disputes on the merits."  *Williams v. Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011).  "The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith."  *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (citing *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)).  "In determining what constitutes 'prejudice,' we consider whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction."  *Id.* (citations omitted).  The Court may also deny leave to amend where amendment would be futile. *Warshun v. New York Cmty. Bancorp, Inc.*, 957 F. Supp. 2d 259, 265 (E.D.N.Y. 2013).

"To the extent a proposed amendment would add new parties, the motion is technically governed by Rule 21, which provides that 'the court may at any time, on just terms, add or drop a party,' rather than Rule 15 (a)." *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 96 (S.D.N.Y. 2010) (citing Fed R. Civ P. 21). "Although Rule 21, and not Rule 15(a), normally governs the addition of new parties to an action, 'the same standard of liberality' applies under either Rule." *FTD Corp. v. Banker's Trust Co.*, 954 F. Supp. 106, 109 (S.D.N.Y. 1997.) "The party opposing a motion to amend then bears the burden of establishing that the amendment should be denied." *James v. Suffolk Cty. Corr. Facility*, No. 13-CV-2344 (JFB) (SIL), 2018 U.S. Dist. LEXIS 107775, *10 (S.D.N.Y. June 26, 2018).

Defendants do not identify any real prejudice as a result of Plaintiff's amendments, nor do they assert bad faith on Plaintiff's part. The Section 1981 claim arises from the same set of facts originally pled and its addition would not be futile to the extent argued by Defendants. *See infra* III.C.ii. Plaintiff also submits he was unaware of Krajci's identity and role in the actions taken against him until he started researching the proposed amendment. And no answer has been filed, a scheduling order has been issued but meaningful discovery has yet to ensue, and though Plaintiff exceeded his leave to amend, this was Plaintiff's first amendment. *See Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 454 (S.D.N.Y. 2016) (granting leave to amend where, *inter alia*, the request was made while discovery was still ongoing, a summary judgment briefing schedule had not been set nor a trial date, the proposed claims arose from the same set of facts originally pled, and where discovery would overlap with the prior claims); *see also Warshun*, 957 F. Supp. 2d at 265 (noting that "[h]ere, the Defendants have not answered the complaint; no discovery has been conducted; and no scheduling order has been issued. Therefore, the prejudice,

if any, to the Defendants to permit the Plaintiffs to file the proposed amended complaint is non-existent.").

The Court finds no meaningful basis to disallow the amendment, nor do Defendants identify any. Accordingly, the undersigned respectfully recommends granting Plaintiff's request for leave to amend, or rather, allowing the amendments reflected in his Amended Complaint.

## C. Failure to State a Claim

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. When considering a motion to dismiss, the Court must assume all well-pleaded facts to be true, "drawing all reasonable inferences in favor of the plaintiff." *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012).

However, this tenet does not apply to legal conclusions or "threadbare recitals of a cause of action's elements." *Ashcroft*, 556 U.S. at 663. Pleadings that offer only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. More is required.

When cases involve a *pro se* complaint like here, the Court must interpret the pleading to raise the strongest claim suggested by the allegations. *Rosen v. N. Shore Towers Apartments, Inc.*, No. 11-CV-00752 (RRM) (LB), 2011 WL 2550733, at *3 (E.D.N.Y. June 27, 2011). "However, mere conclusions of law or unwarranted deductions need not be accepted." *Id*.

(internal quotations omitted.).  Notably, "'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice,' and district courts 'cannot invent factual allegations' that the plaintiff has not pleaded." *Vidurek v. Pollen*, No. 20-CV-6714 (CS), 2021 WL 4066503, at *7 (S.D.N.Y. Sept. 7, 2021) (citing *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)).

It is against this backdrop that the Second Amended Complaint is analyzed.

### i. Title VII, ADA, and ADEA Claims as to Individual Defendants

Plaintiff's Second Amended Complaint alleges violations of Title VII, the ADA, and the ADEA, both as to the Library and the Individual Defendants.  (*See* DE 31).  Defendants contend that Individual Defendants cannot be held personally liable, since there is no individual liability, under Title VII, the ADA, or the ADEA.   (DE 37-14 at 12-13.)

Indeed, the law in this Circuit is clear that there is no individual liability, even for supervisors, under these statutes.  *See Patterson v. Cnty. of Oneida*, N.Y., 375 F.3d 206, 221 (2d Cir. 2004) ("Before reaching the substance of Patterson's Title VII claim for unlawful termination, we note that 'individuals are not subject to liability under Title VII.'" (citing *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000) (per curiam))); *Sassaman v. Gamache*, 566 F.3d 307, 315 (2d Cir. 2009) (same); *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995) ("We now hold that individual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII."), *abrogated on other grounds, Burlington Ind. v. Ellerth,* 524 U.S. 742 (1998); *Garibaldi v. Anixter, Inc.*, 407 F. Supp. 2d 449, 450 (W.D.N.Y. 2006) ("It is well-settled in the Second Circuit that individual employees, including supervisors, cannot be held personally liable for violations of the ADA." (citing *Corr v. MTA Long Island Bus.,* 199 F.3d 1321 (2d Cir.1999)); *Spiegel v. Schulmann*, 604 F.3d 72, 79 (2d Cir. 2010) ("[I]n

the context of employment discrimination, the retaliation provision of the ADA, which explicitly

borrows the remedies set forth in § 2000e–5, cannot provide for individual liability."); *Cherry v.*

*Toussaint,* 50 F. App'x. 476, 477 (2d Cir.2002) ("[T]he ADEA precludes individual liability.");

*Martin v. Chem. Bank*, 129 F.3d 114 (2d Cir. 1997) ("[F]or substantially the reasons stated in

*Tomka*, we hold that individual supervisors may not be held personally liable under the

ADEA.").

Plaintiff simply responds: "The Plaintiff is requesting the Court to carefully examine the

itemized and detailed list of individual Defendants contributions and responsibility to the

violations that occurred as stated in Plaintiffs amended complaint."  (DE 37-16 at 3.)  Plaintiff

has offered the Court no reason to depart from the weight of caselaw requiring dismissal, and the

Court finds none.

Accordingly, the undersigned respectfully recommends this branch of Defendants'

motion be granted and that Plaintiff's Title VII, the ADA, and the ADEA claims, to the extent

asserted against Individual Defendants in their individual capacities, be dismissed with prejudice.

###    ii.    Section 1981 Claim

Plaintiff's Amended Complaint includes a claim pursuant to Section 1981 of the Civil

Rights Act of 1866 against all Defendants, (DE 31.).  *See* 42 U.S.C. § 1981.  Section 1981

permits a claim for racially discriminatory termination. *See Lauture v. Int'l Bus. Machines Corp.*,

216 F.3d 258, 259 (2d Cir. 2000).  Section 1981 prohibits racial discrimination in the making and

enforcement of private contracts.  *Id*. at 260.  As amended by the Civil Rights Act of 1991, it

also prohibits against the performance, modification or termination of contracts.  *Id.* at 261

(citing 42 U.S.C. § 1981(b)).  Establishing a Section 1981 claim requires a plaintiff to show: "(1)

that [he] is a member of a racial minority; (2) an intent to discriminate on the basis of race by the

defendant; and (3) that the discrimination concerned one or more of the activities enumerated in

§ 1981." *Id.* at 261.  Unlike Plaintiff's other federal claims, Section 1981 allows for individual

liability.  *See Whidbee v. Garzarelli Food Specialties, Inc.,* 223 F.3d 62, 75 (2d Cir. 2000) ("We

now explicitly hold what was implicit in our previous cases: individuals may be held liable under

§ 1981.").

Defendants do not argue that Plaintiff is not a member of a racial minority for the

purposes of Section 1981[3] or that the Amended Complaint is void of factual averments that, if

taken as true, could plausibly lead to an inference of racial discrimination.  Defendants instead

argue that Section 1981 is simply inapplicable here.  Defendants seek dismissal on the basis that

Plaintiff was an at-will employee for the Library, and thus, had no contractual relationship with

any Defendant as matter of law.  (DE 37-14 at 15-16.)  Plaintiff disputes this contention, and

states that Section 1981 is not limited to factual scenarios involving a formal employment

contract that was executed or in contemplation.  (DE 37-16 at 5-4.)

The question before the Court is whether Section 1981 claims are applicable to at-will

employees.  The Second Circuit has already answered that question.  In clear terms, the Second

Circuit stated: "We join the emerging consensus of the district courts in this circuit, and the other

circuit courts of appeal that have squarely decided this issue, to hold that an at-will employee

may sue under § 1981 for racially discriminatory termination."  *Id*. at 260.  Plaintiff relies on

*Lauture* in asserting that his at-will status does not bar his Section 1981 claim.  (DE 37-16 at 5-

4.)

Defendants do not address this controlling authority.  Instead, Defendants aver that the

district court cases cited by Plaintiff have been criticized by courts all over the nation, including

---

[3] "[T]he Second Circuit has held that other civil rights statutes, such as the Civil Rights Act of 1866, 42 U.S.C. § 1981, do protect the Jewish 'race' from race-based discrimination." *Isakov v. HASC Ctr., Inc*., No. 17-CV-5775 (BMC), 2018 U.S. Dist. LEXIS 31624, *12-13 (E.D.N.Y. Feb. 27, 2018) (citing *United States v. Nelson*, 277 F.3d 164, 177-78 (2d Cir. 2002)).

by district courts in this circuit.  (DE 37-17 at 12.)  The district court cases cited by Defendants in support of their arguments, however, all predate the Second Circuit's decision in *Lauture*. (*See* DE 37-17 at 12-13.)  Defendants also cite to the Supreme Court's decision in *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006) to assert that a claim pursuant to Section 1981 must first recognize an impaired contractual relationship under which a plaintiff has rights since Section 1981 only provides an avenue of relief where racial discrimination interferes with the creation of, or impairs an existing, contractual relationship.  (DE 37-14 at 15; DE 37-17 at 14.)

The *Domino's Pizza* Court stated that "Section 1981 offers relief when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship, so long as the plaintiff has or would have rights under the existing or proposed contractual relationship."  *Domino's Pizza, Inc.*, 546 U.S. at 476.  This does not conflict with the *Lauture* Court's holding that an at-will employment relationship is "a contractual relationship within the meaning of § 1981," and courts in this district continue to adhere to that holding.  *See Lauture*, 216 F.3d at 261; *see also Evans v. Columbia Univ. in the City of New York*, No. 14-CV-2658 (NSR), 2015 WL 1730097, at *5 (S.D.N.Y. Apr. 13, 2015) ("The Second Circuit has held, for example, that an at-will employee may sue his or her employer under § 1981 for racially motivated discharge."); *Claud v. Brown Harris Stevens Residential Sales, LLC*, No. 18-cv-1390 (DRH) (AKT), 2020 WL 3791851, at *4 (E.D.N.Y. July 7, 2020) ("It is settled in the Second Circuit that at-will employment is a "contractual relationship within the meaning of § 1981." (citing *Lauture*, 216 F.3d at 261)).

The Court sees no persuasive reason to deviate from well-settled controlling precedent in this Circuit. Accordingly, the undersigned respectfully recommends denying Defendants' motion to dismiss Plaintiff's Section 1981 claims.

## CONCLUSION

Accordingly, the undersigned respectfully recommends Defendants' partial motion be decided as follows: (i) deny the branch of Defendants' motion pursuant to 12(b)(5) seeking dismissal of Individual Defendants for insufficient service of process, (ii) grant Plaintiff's request to permit the Amended Complaint to the extent it adds Defendant Krajci and the Section 1981 claim, (iii) grant the branch of Defendants' motion pursuant to Rule 12(b)(6) seeking dismissal of Plaintiff's Title VII, the ADA, and the ADEA claims, to the extent asserted against Individual Defendants in their individual capacities, (iv) deny the branch of Defendants' motion pursuant to Rule 12(b)(6) seeking dismissal of Plaintiff's Section 1981 claim.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on Defendants' counsel who is directed to serve Plaintiff and file proof of service. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this Report and Recommendation either by the District Court or the Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the

magistrate's decision"); *see Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (same).

Dated:     Central Islip, New York
           January 31, 2023

                               RESPECTFULLY RECOMMENDED,

                               /S/ *James M. Wicks*

                                  JAMES M. WICKS
                               United States Magistrate Judge